**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Holly Martenson,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>RG Financing, et al.,<br><br>　　　　Defendants. | No. CV-09-01314-PHX-NVW<br><br>**ORDER**<br><br>[NOT FOR PUBLICATION] |

Before the Court is JL Financing and RG Financing's Motion for Partial Summary Judgment on Counts 1, 2, 4, 6, 8 and 10 of Plaintiff's Second Amended Complaint and Plaintiff's Motion for Leave to File Third Amended Complaint and Supplemental Complaint (Docs. 73, 90). Plaintiff's motion to amend is unopposed and therefore will be granted.

**I.     Legal Standard for Summary Judgment**

Summary judgment is proper if the evidence shows there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). On summary judgment, the nonmoving party's evidence is presumed true, and all inferences from the evidence are drawn in the light most favorable to the nonmoving party. *Eisenberg v. Ins. Co. of North America*, 815 F.2d 1285, 1289 (9th Cir. 1987).

## II. Background

On November 29, 2006, Martenson refinanced her home loan through a mortgage broker, Buy American Real Estate, by executing a Deed of Trust and Note for which JL Financing is the beneficiary and lender. RG Financing is the loan servicer for Martenson's loan. In May 2007, Martenson fell behind on her loan payments, and on June 8, 2009, the property subject to the Deed of Trust was sold at a trustee's sale to JL Financing. The factual and procedural history of this case is described in previous Orders (Docs. 56, 97).

## III. Analysis

JL Financing and RG Financing move for partial summary judgment on Counts 1, 2, 4, 6, 8, and 10 of the Second Amended Complaint. Martenson has withdrawn Count 1 (Truth in Lending Act) and Count 10 (Quiet Title) of the Second Amended Complaint in her proposed Third Amended Complaint.

Count 2 of the Second Amended Complaint (Count 1 of the Third Amended Complaint) alleges that JL Financing violated the Real Estate Settlement Procedures Act ("RESPA") by making or authorizing payment of "loan discount fees" to third parties that were actually referral fees or kickbacks unrelated to services actually performed. *See* 12 U.S.C. § 2607(a), (b). The one-year limitations period for RESPA claims for illegal kickbacks and unearned fees expired November 29, 2007, and Martenson's response to the motion for partial summary judgment does not provide any evidence to support equitable tolling of the limitations period. *See* 12 U.S.C. §§ 2607, 2614.

Count 4 of the Second Amended Complaint (Count 3 of the Third Amended Complaint) is titled "Unconscionability" against Buy American, JL Financing, and RG Financing. It alleges that "Defendants" made this loan to Martenson without regard to her ability to repay, took advantage of her by processing a loan knowing it could not get the terms she expected, and did not explain the closing documents to her. It does not allege any wrongdoing by JL Financing or RG Financing specifically. Count 6 of the Second Amended Complaint (Count 5 of the Third Amended Complaint), titled

"Predatory Lending," alleges that "RG Financing and JL Financing engaged in a course of conduct which included breach of contractual duties owed plaintiff under the Deed of Trust and dishonoring of loan modification/payment agreements." Count 8 of the Second Amended Complaint (Count 7 of the Third Amended Complaint) alleges breach of the covenant of good faith and fair dealing against JL Financing and RG Financing. In defense of these counts against summary judgment, Martenson contends that she "was a terribly unsophisticated borrower," she relied extensively on Buy American in the loan transaction, the loan terms were one-sided, she was unaware of the volatile nature of the loan payments that would be due as her interest rate adjusted, "Defendants hardly facilitated plaintiff's payments on the loan," and Defendants accepted payments from Martenson (after she was in default) without informing her they would postpone the sale of her home only a few days. Martenson does not dispute, however, that during the loan transaction she did not deal with JL Financing or RG Financing, only Buy American. She does not dispute that she made several loan payments to RG Financing. She does not dispute that she defaulted on her loan before the interest rate adjusted. Martenson has provided no evidence that supports finding JL Financing or RG Financing liable for unconscionability, predatory lending, or breach of the covenant of good faith and fair dealing.

Therefore, presuming Martenson's evidence is true and drawing all inferences in her favor, the evidence shows there is no genuine issue as to any material fact, and JL Financing and RG Financing are entitled to judgment as a matter of law on Counts 1, 2, 4, 6, 8, and 10 of the Second Amended Complaint.

IT IS ORDERED that Plaintiff's Motion for Leave to File Third Amended Complaint and Supplemental Complaint (Doc. 90) is granted.

///

1    IT IS FURTHER ORDERED that JL Financing and RG Financing's Motion for
2 Partial Summary Judgment on Counts 1, 2, 4, 6, 8 and 10 of Plaintiff's Second Amended
3 Complaint (Doc. 73) is granted.

    DATED this 21st day of September, 2010.

/s/ Neil V. Wake<br>
Neil V. Wake<br>
United States District Judge