**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Holly Martenson, | No. CV09-1314-PHX-NVW |
| Plaintiff, | **ORDER AND OPINION** |
| vs. | **[Re: Motion at Docket 106]** |
| RG Financing, et al., | |
| Defendants. | |

Before the Court is the Motion to Dismiss Plaintiff's Third Amended Complaint filed by Defendants JL Financing and RG Financing (Defendants). (Doc. 106.) The Court will grant the motion.

Plaintiff concedes that this Court's previous summary judgment order (Doc. 98) disposes of all but one cause of action alleged in the third amended complaint (*see* Doc. 107 at 2 & n.2). The remaining cause of action is for "[w]rongful foreclosure/breach of contract." (*See* Doc. 99 at 17.)

Defendants have now foreclosed on Plaintiff's home twice. As the first foreclosure was pending, Plaintiff filed suit in this court alleging "wrongful foreclosure/breach of contract." Plaintiff did not succeed in stopping the foreclosure, but following the trustee's sale, Defendants recorded a notice of rescission. Thus, Defendants unwound the first foreclosure and returned the parties to their previous positions. Defendants then served

1   Plaintiff with a new notice of default and proceeded with a new foreclosure. The trustee's
2   sale in that foreclosure took place September 30, 2010.

3         Plaintiff's current cause of action for "wrongful foreclosure/breach of contract" still
4   continues to challenge the *first* foreclosure, *i.e.*, the foreclosure that Defendants unwound.
5   Plaintiff argues that the cause of action remains viable in her new complaint because,
6   "[r]egardless of whether the second attempt to take her home was legal . . . defendants cannot
7   shed their initial liability by backing up and running over her the right way." (Doc. 107 at
8   2.) That "initial liability," says Plaintiff, comprises the attorneys' fees and emotional distress
9   she incurred in attempting to challenge the first foreclosure.

10        Concerning attorneys' fees, Plaintiff appears to believe that her first claim for
11  wrongful foreclosure/breach of contract and Defendants' subsequent rescission of the first
12  trustee's sake makes her a "successful party" within the meaning of the Arizona statute that
13  permits an award of attorneys' fees in contract-based actions. *See* A.R.S. § 12-341.01. But
14  Plaintiff has not moved for attorneys' fees. *See* LRCiv 54.2 (governing procedure for
15  seeking attorneys' fees). Nor has Plaintiff cited any authority showing that attorneys' fees
16  incurred defending the first foreclosure can be claimed as damages after the first foreclosure
17  has become moot. Plaintiff's request for attorneys' fees therefore does not support her
18  wrongful foreclosure/breach of contract cause of action.

19        Concerning emotional distress damages, Plaintiff has pleaded a contract-based cause
20  of action and therefore cannot recover non-economic damages, such as for emotional
21  distress. *Country Escrow Serv. v. Janes*, 121 Ariz. 511, 513, 591 P.2d 999, 1001 (Ct. App.
22  1979). Accordingly, this remedial request does not validate a continuing wrongful
23  foreclosure/breach of contract cause of action.

24        IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss Plaintiff's Third
25  Amended Complaint (Doc. 106) is GRANTED. This dismissal is without prejudice to a
26  subsequent motion to amend under Rule 15(a)(2), but Plaintiff must file such a motion, if
27  desired, by December 10, 2010. Otherwise, Plaintiff's claims against Defendants JL
28

1  Financing and RG Financing will be dismissed with prejudice and without further notice to
2  Plaintiff.
3       DATED this 9th day of November 2010.

5                           /s/ JOHN W. SEDWICK
                            UNITED STATES DISTRICT JUDGE