1  **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                         FOR THE DISTRICT OF ARIZONA

8

9   Holly Martenson,                    )    No. CV-09-01314-PHX-NVW
                                        )
10               Plaintiff,              )    **ORDER**
                                        )
11  vs.                                 )
                                        )
12                                      )
    RG Financing, et al.,               )
13                                      )
                 Defendants.            )
14                                      )
    _____    )

15

16          Before the Court is Plaintiff's Motion for Leave to File Fourth Amended and

17  Supplemental Complaint. (Doc. 110.) "The court should freely give leave [to amend] when

18  justice so requires," Fed. R. Civ. P. 15(a)(2), but need not do so if amendment would be

19  futile, *Foman v. Davis*, 371 U.S. 178, 182 (1962). Here, amendment would be futile because

20  each cause of action is defective. Accordingly, the Court will deny the motion and dismiss

21  this case.

22          Defendants have now foreclosed on Plaintiff's home twice. As the first foreclosure

23  was pending, Plaintiff filed suit in this Court alleging "wrongful foreclosure/breach of

24  contract." Plaintiff did not succeed in stopping the foreclosure, but following the trustee's

25  sale, Defendants recorded a notice of rescission. Thus, Defendants unwound the first

26  foreclosure and returned the parties to their previous positions. Defendants then served

27  Plaintiff with a new notice of default and proceeded with a new foreclosure. The trustee's

28  sale in that foreclosure took place September 30, 2010. Defendants bought the home at the

1   trustee's sale, and later evicted Plaintiff from her home.  Plaintiff now attempts to reframe

2   her causes of action to attack the second foreclosure.

3        Plaintiff's first cause of action is for quiet title, based on the theory that Defendants'

4   notice of default overstated the amount required to cure, thus supposedly invalidating the

5   entire foreclosure sale process.  The Court already resolved this issue, finding that

6   Defendants' notice of default "provided a good faith estimate of the payment required to

7   cure." (Doc. 97 at 5.)  Having adjudicated a crucial factual element of Plaintiff's claim in

8   favor of Defendants, it would therefore be futile to permit Plaintiff to assert this claim.

9   Amendment would also be futile for the reasons stated in this Court's analysis of Plaintiff's

10  fourth cause of action (for breach of the covenant of good faith and fair dealing), below.

11       Plaintiff's second cause of action is for "wrongful foreclosure/predatory lending."

12  Plaintiff appears to assert two bases for this cause of action.  First, she complains that

13  Defendants wrongfully refused to accept money Plaintiff was willing to pay toward the loan,

14  although Plaintiff admits that it was not enough money to cure the default.  The Court sees

15  no cause of action here absent a contractual provision obligating Defendants to accept less

16  than the cure amount.  Such a contractual provision would be highly unusual, and unless

17  Plaintiff specifically pleads its existence, the Court finds Plaintiff's first "wrongful

18  foreclosure/predatory lending" theory implausible.

19       Plaintiff's second "wrongful foreclosure/predatory lending" theory alleges that she

20  was damaged because Defendants evicted her from the home.  But, as explained throughout

21  this order, Plaintiff has alleged no plausible argument that Defendants wrongfully foreclosed,

22  and therefore no basis for declaring the eviction likewise wrongful.  The Court therefore

23  finds that it would be futile to allow Plaintiff to assert her second cause of action.

24       Plaintiff's third cause of action is for declaratory judgment under Arizona's

25  declaratory judgment statute, A.R.S. §§ 12-1831 to -1846. Plaintiff asks this court to declare

26  that Defendants wrongfully pursued foreclosure by inserting into the second notice of default

27  a demand for sums due on the note, attorneys fees, and other costs.  Plaintiff asserts that

28  Defendants could not legally ask for these amounts because the *first* foreclosure wiped out

1   all her liability to Defendants under Arizona's anti-deficiency statute, A.R.S. § 33-814(G).

2   From a substantive standpoint, this argument suffers serious defects, but the Court will

3   reserve that analysis for its discussion of Plaintiff's fourth cause of action.   From a

4   procedural standpoint, the Court need only say that it may refuse declaratory judgment

5   where, as here "such judgment or decree, if rendered or entered, would not terminate the

6   uncertainty or controversy giving rise to the proceeding."  A.R.S. § 12-1836.  The Court

7   cannot see how a judgment in Plaintiff's favor would terminate any uncertainty or

8   controversy, in light of the argument's substantive defects.

9        As to those substantive defects, Plaintiff's fourth cause of action asserts breach of the

10  covenant of good faith and fair dealing, relying on the same anti-deficiency argument she

11  asserted in her third cause of action.  Specifically, Plaintiff claims that: (1) Arizona's anti-

12  deficiency statute wiped out all her liability to Defendants after the first foreclosure;

13  (2) Defendants therefore could not use the second notice of default to demand a cure,

14  attorneys fees, costs, etc.; and accordingly (3) the second foreclosure sale was invalid for

15  want of proper notice.  This argument is illogical.  To claim that the anti-deficiency statute

16  wiped out her liability at the first (rescinded) trustee's sale is to acquiesce to the validity of

17  the first trustee's sale.  If the first trustee's sale was valid, then the second notice of default

18  was not wrongful, just unnecessary — Defendants should have gone straight to eviction

19  proceedings.  Plaintiff cannot claim the benefits of the anti-deficiency statute *and* keep the

20  house.

21       Plaintiff asserts a second theory for breach of the covenant of good faith and fair

22  dealing, based on the allegation that Defendants had agreed to a modified payment schedule

23  and dealt with Plaintiff unfairly by not allowing her to continue making modified payments.

24  But even assuming Defendants agreed to modify the loan, Plaintiff admits that she eventually

25  defaulted on that arrangement also.  The Court therefore sees no viable legal claim here, and

26  allowing amendment would be futile.

27       IT IS THEREFORE ORDERED that Plaintiff's Motion for Leave to File Fourth

28  Amended and Supplemental Complaint (Doc. 110) is DENIED.

1          IT IS FURTHER ORDERED that the Clerk enter judgment in favor of Defendants

2    against Plaintiff, and that Plaintiff take nothing.  The Clerk shall terminate this case.

3          DATED this 1st day of February, 2011.

4

5    _____
                    Neil V. Wake
6              United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 4 -