1   **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                        FOR THE DISTRICT OF ARIZONA

8

9   Holly Martenson,                    )   No. CV-09-01314-PHX-NVW
                                         )
10              Plaintiff,               )   **ORDER**
                                         )
11  vs.                                  )
                                         )
12                                       )
    RG Financing, et al.,                )
13                                       )
               Defendants.               )
14                                       )
                                         )
15  _____    )

16          Before the Court is Defendant RG Financing's and Defendant JL Financing's "Motion

17  for Attorneys' Fees" (Doc. 115).  Defendants, however, have foreclosed on a residential

18  parcel of less than 2.5 acres through a non-judicial trustee's sale.  Accordingly, "no action

19  may be maintained to recover any difference between the amount obtained by sale and the

20  amount of the indebtedness and any interest, costs and expenses."  A.R.S. § 33-814(G).

21  "Costs and expenses" in this context includes attorneys fees.  *Sec. Sav. & Loan Ass'n v.*

22  *Milton*, 171 Ariz. 75, 77, 828 P.2d 1216, 1218 (Ct. App. 1991).  Technically speaking,

23  Defendants are not asking for the "difference between the amount obtained by sale and the

24  amount of the indebtedness *and* any interest, costs and expenses" — Defendants are only

25  seeking "costs and expenses."  However, the Court does not believe that a trust deed

26  beneficiary can avoid § 33-814(G) simply by seeking only a subset of everything it might

27  have otherwise sought, but for the statute.  Accordingly, Defendants cannot recover their

28

1    attorneys fees with respect to Plaintiff's state law claims or by virtue of attorneys fees

2    provisions in the promissory note.

3            RESPA, on the other hand, is a federal statute which gives this Court discretion to

4    award attorneys fees. 12 U.S.C. § 2607(d)(5). This Court does not believe that A.R.S. § 33-

5    814(G) shields Plaintiff from RESPA's attorneys fees provision — otherwise, Arizona would

6    be upsetting federal policy regarding such fee awards. Nonetheless, Defendants must satisfy

7    the "frivolous, unreasonable or without foundation" standard to receive fees. *See Lane v.*

8    *Residential Funding Corp.*, 323 F.3d 739, 746–48 (9th Cir. 2003) (holding that the standard

9    for defendants' recovery under fee-shifting provisions in civil rights statutes also applies to

10   fee-shifting provision in RESPA). The Court will not say, on this record, that Plaintiff's

11   RESPA claim was frivolous, unreasonable, or without foundation. The Court never reached

12   the merits of this claim, but dismissed it for failure to satisfy the statute of limitations. (*See*

13   Doc. 98 at 2.) Therefore, the Court will not award attorneys fees to Defendants under

14   RESPA.

15           IT IS THEREFORE ORDERED that Defendants' "Motion for Attorneys' Fees" (Doc.

16   115) is DENIED.

17           DATED this 10th day of March, 2011.

18

19   _____
                        Neil V. Wake
20                   United States District Judge

21

22

23

24

25

26

27

28